**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cati French, et al., | No. CV-20-00349-TUC-RCC |
| Plaintiffs, | No. CV-19-00482-TUC-RCC |
| v. | |
| Whitefeather Holdings LLC, et al., | **ORDER** |
| Defendants. | |

Pending before the Court are several motions in two related cases. The Court must decide how to proceed with both cases and finds it more efficient to address the pending motions in concert.

**I.     CV-19-00482-TUC-RCC – Williams v. Whitefeather Holdings, LLC et al.**

In the lead case, Plaintiff Fantasia Williams filed a Complaint for violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime and minimum wage, unlawful taking of tips, and violations of the Arizona Minimum Wage Act. (Doc. 1 in CV-19-00482-TUC-RCC ("*Williams*").) Williams filed her claims as a collective action on behalf of herself and those similarly situated. (*Id.* at 1.) Defendants Whitefeather Holdings LLC, Whitefeather Ventures, and Corey Owens ("Whitefeather" or "Defendants") filed a motion to dismiss or stay in favor of arbitration arguing that Williams' employee agreement mandated arbitration and prohibited litigation. (*Williams*, Doc. 16.) Prior to the Court's ruling on the motion, opt-in Plaintiffs Cati French, Ivoryonna L. Dean-Davis, and Alexia Chavez ("opt-in Plaintiffs") submitted consent to sue forms. (*Williams*, Docs. 24-26.) No motions to dismiss these opt-in Plaintiffs were

filed. On June 25, 2020, the Court granted the motion to dismiss, ordered the *Williams* case stayed pending arbitration, and closed the case administratively. (*Williams*, Doc. 27.) The standing of the opt-in Plaintiffs was not addressed.

Four days later, opt-in Plaintiffs filed a Motion for Reconsideration, arguing that they enjoy the same right as any Plaintiff, and that the binding arbitration agreement in Williams' contract should not preclude their claims under the FLSA. (*Williams*, Doc. 28.) They argue that their employment agreements with Defendants may or may not mandate arbitration, but regardless, the agreements must be addressed individually. (*Id.*) Therefore, opt-in Plaintiffs' claims could not be dismissed when Williams' claims were dismissed in the Court's June 25 Order. (*Id.*) Under the Local Rules of Civil Procedure, a response to a motion for reconsideration is not permitted unless ordered by the Court. LRCiv 7.2(g)(2). No response was ordered or filed.

By August 26, 2020, Williams submitted a Motion to Vacate the Court's June 25 Order. (*Williams*, Doc. 29.) The motion indicated that Defendants failed to pay the filing fees for arbitration. (*Id.*) As a result, the American Arbitration Association ("AAA") refused to conduct arbitration proceedings involving Defendants. (*Id.*) Defendants filed a Response to the Motion to Vacate, claiming they had paid the filing fees and were simply waiting on Plaintiffs. (Doc. 29.) In contrast to Williams, Defendants allege it was Williams' fault Defendants had not paid the arbitration fees in a timely manner. (*Id.* at 1-2.) Williams did not file a reply.

**II.    CV-20-00349-TUC-RCC – French v. Whitefeather Holdings, LLC et al.**

Meanwhile, on August 14, 2020, opt-in Plaintiffs[1] filed a separate Complaint, opening a new case with similar factual allegations. (Doc. 1 in CV-20-00349-TUC-RCC ("*French*").) Like Williams, opt-in Plaintiffs sought relief under FLSA and the Arizona Minimum Wage Act. (*Id.* at 17-23.) This matter was reassigned to the undersigned pursuant to Local Rule of Civil Procedure 42.1(e)(1)(A-B). (*French*, Doc. 5.) On October 2, 2020, Defendants filed a Motion to Dismiss or Stay in Favor of Arbitration. (*French*,

---

[1] Although the Court recognizes Plaintiffs French, Dean-Davis, and Chavez are named Plaintiffs in *French*, the Court continues to refer to them as "opt-in Plaintiffs" for clarity.

- 2 -

Doc. 10.) Within a week, Plaintiffs filed a Notice of Motion and Motion for Conditional Certification and Issuance of Notice Pursuant to the FLSA, 29 U.S.C. § 216(b). (*French*, Doc. 11.)

### III.   FLSA Standard of Review

A collective action may be filed under the FLSA by a party "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In a collective action, each putative plaintiff must file an opt-in notice to the court consenting to participation in the suit. *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). After the consent is filed, for all intents and purposes the opt-in Plaintiff is treated as a party. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018).

While the use of the term collective "certification" is drawn from the Federal Rule governing class actions, "certification" is a bit of a misnomer. *See* Fed. R. Civ. P. 23. In a FLSA collective action, the court does not hold the same gatekeeping duties as exercised in class action litigation. *Campbell*, 903 F.3d at 1105. This is because, unlike a class action, an opt-in plaintiff to a FLSA claim does not need the court's approval to become a party – the right to become part of a collective action is encompassed in the FLSA statute. *See id.*; *McElmurry*, 495 F.3d at 1139 ("Although § 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, . . . it is within the discretion of a district court to authorize such notice.") (internal quotation marks omitted). Unlike class certification, "[a] collective action is more accurately described as a collective of *individual* plaintiffs with *individual* cases — capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree." *Id.* Thus, opt-in plaintiffs enjoy party status; meaning, they have "the same status in relation to the claims of the lawsuit as [that held by] the [original] named plaintiffs" before any determination is made about the collective action. *Campbell*, 903 F.3d at 1105.

### IV.   Pending Motions

*a.  Opt-In Plaintiffs' Motion for Reconsideration (Doc. 28 in* Williams *Case)*

Opt-In Plaintiffs ask the Court to clarify that its June 25, 2020 Order on the Motion

to Dismiss applied only to Plaintiff Williams. (*Williams*, Doc. 28 at 5.) Their contention is correct. Because opting into the *Williams* case meant that the opt-in Plaintiffs became parties, any motion to dismiss and compel arbitration must directly address the opt-in Plaintiffs' agreements. Neither the Defendants nor the Court considered opt-in Plaintiffs' claims. Therefore, this matter should not have been closed in its entirety. The Motion for Reconsideration will be granted. Regardless, as explained *infra*, because opt-in Plaintiffs' claims are subject to arbitration, the Court will not reopen the *Williams* case to pursue opt-in Plaintiffs' claims.

> b. *Williams' Motion to Vacate Arbitration Order and Lift Stay (Doc. 29 in* Williams *Case)*

On August 26, 2020, Plaintiff Williams filed the pending motion to vacate the Court's Order requiring arbitration. (*Williams*, Doc. 29.) The Motion alleges that Defendants failed to pay the initial filing fees without explanation, and so the AAA closed Williams' case and will not arbitrate the claims in her matter or any other matter involving Defendants. (*Id.* at 4.)

Defendants' counsel responded stating that two factors caused the delay in payment. (*Williams*, Doc. 30.) First, counsel had not calendared the deadline because the AAA's notice was sent to his direct email, which he does not use for calendaring. (*Id.*) Second, he was swamped with home renovations and other federal litigation. (*Id.*) However, once Plaintiff filed the motion to vacate, Defense counsel immediately contacted AAA and explained his calendaring error, asked AAA to update his email address, and requested a new payment link. (*Id.* at 3.) In response, AAA provided the link and Defendant promptly paid the filing fee. (*Id.* at 5.) AAA's link for payment also asked for further information from Plaintiff Williams to proceed. (*Id.*; *French*, Doc. 16-1 at 12.) Plaintiff Williams has since refused to re-initiate arbitration proceedings or respond to AAA's request. (*Id.*)

Furthermore, Defendants argue that under the rules of AAA arbitration, service must be effectuated by mail or personal service, and may only be served by email with consent of all parties and the arbitrator. (*Id.* (first citing AAA Commercial Rules, R-43 (*Williams*, Doc. 20-2 at 27); then citing AAA Employment Rules, R-38 (*Williams*, Doc. 20-4 at 29)).)

- 4 -

Defendants contend that because there has still been no service in accordance with AAA rules, Plaintiff Williams has not properly served her claim. In sum, Defendants argue that because (1) the delay in paying the filing fee was unintentional, (2) notice was not properly served, and (3) the error did not cause prejudice to Williams, she has not met her burden of showing waiver. (*Id.* at 6.) Therefore, vacating the arbitration order and permitting litigation in federal court would be inappropriate. (*Id.*)

"Waiver of a contractual right to arbitration is not favored." *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013). To waive the right to arbitrate, the party "must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.*

The Court agrees with Defendants; Plaintiff Williams cannot demonstrate that Defendants acted in a manner inconsistent with arbitration. Defendants did not act at all, and it appears they were not provided proper notice to act upon. Once notified through the motion to vacate in this matter, Defendants immediately remedied the problem. Moreover, AAA is willing to proceed with arbitration, so Plaintiff cannot show prejudice. The Court will deny the motion.

      *c. Motion to Dismiss or Stay in Favor of Arbitration (Doc. 10 in French Case)*

Defendants' motion submits that the arbitration agreement against the opt-in Plaintiffs in *French* encompasses any challenge under the FLSA, as well as any challenge to arbitrability, including the unconscionability of the terms of the agreement. (*French*, Doc. 10 at 5.) In addition, the Court already determined in the *Williams* case that an identical agreement mandated arbitration and dismissal. (*Id.*) Thus, Defendants argue, any challenge must be arbitrated. (*Id.*)

Opt-in Plaintiffs responded to the motion, with no argument about how their agreements differed from Williams'. Instead they argue that because Defendants failed to pay the arbitration fees in the *Williams* case, they have waived the right to enforce arbitration. (*French*, Doc. 13 at 6.)

Defendants' reply pronounces that opt-in Plaintiffs have not shown that AAA will

no longer arbitrate this matter. (*French*, Doc. 16.) They assert opt-in Plaintiffs ignore the subsequent communication by AAA that reopened the *Williams* arbitration and allowed the parties to proceed. (*Id.* at 2; *French*, Doc. 16-1 at 12.)

For the reasons stated in section IV(b), Defendants have not waived arbitration, and there has been no prejudice to Plaintiffs French, Dean-Davis, and Chavez. Plaintiffs are subject to arbitration under the same arbitration provisions as Plaintiff Williams. The Court will therefore grant Defendants' Motion to Dismiss or Stay in Favor of Arbitration.

       *d. Motion for Conditional Certification and Issue of Notice (Doc. 11 in* French *Case)*

Plaintiffs and opt-in Plaintiffs are all subject to arbitration. Therefore, there are no litigants who may bring the FLSA claim in this Court. "If the litigant fails to establish standing, he or she may not seek relief on behalf of himself or herself or any other members of the class." *James v. City of Dallas, Tex.*, 254 F.3d 551, 563 (5th Cir. 2001) (abrogated on other grounds) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *Genessee Cnty. Emps.' Ret. Sys. v. Thornburg Secs. Trust, 2006-3*, 825 F. Supp. 2d 1082, (D. N.M. 2011) ("If a plaintiff does not have standing to bring a suit, federal jurisdiction never attaches to the suit."). The Court acknowledges that the motion to certify the collective action has not been fully briefed; however, because neither Plaintiff nor opt-in Plaintiffs may proceed with this matter, the motion is moot. Further briefing on the matter would cause unnecessary litigation expenses and is not an efficient use of the Court's time.

**V.    Consolidation**

Under Local Rule 42, two cases may be consolidated into a single case when the cases "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . [(3)] call for determination of substantially the same questions of law; or [(4)] for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv 42. This case satisfies the requirements for consolidation as they involve the same parties, questions of law, and substantially similar factual elements. Moreover, because opt-in Plaintiffs' original claims in the *Williams* case should not have been dismissed with the dismissal of Williams, consolidation is

appropriate. The Court will therefore consolidate the cases.

Accordingly, **IT IS ORDERED**:

1. Opt-in Plaintiffs Cati French, Ivoryonna L. Dean-Davis, and Alexia Chavez's Motion for Reconsideration is GRANTED. (Doc. 28 in CV-19-00482-TUC-RCC.)
2. The Clerk of Court shall consolidate No. CV-20-00349-TUC-RCC with Case No. CV-19-00482-TUC-RCC. **Any future filings shall be docketed in Case Number CV-19-00482-TUC-RCC**.
3. Plaintiff Fantasia Williams' Motion to Vacate Arbitration Order and Lift Stay is DENIED. (Doc. 29 in CV-19-00482-TUC-RCC.)
4. Defendant's Motion to Dismiss or Stay in Favor of Arbitration is GRANTED. (Doc. 10 in CV-20-00349-TUC-RCC.)
5. Plaintiffs Cati French, Ivoryonna L. Dean-Davis, and Alexia Chavez's Motion for Conditional Certification and Issue of Notice is DENIED as moot. (Doc. 11 in CV-20-00349-TUC-RCC.)
6. This matter shall remain stayed in accordance with the Court's July 25, 2020 Order. (Doc. 27 in CV-19-00482-TUC-RCC.)

Dated this 29th day of October, 2020.

Honorable Raner C. Collins
Senior United States District Judge